## THE LAGONDA.[1]

### THE JAMES A. GARFIELD.

### McCALDIN v. THE LAGONDA.

### MATHISEN v. THE JAMES A. GARFIELD.

*(District Court, E. D. New York. May 12, 1890.)*

COLLISION—CROSSING COURSES—FAILURE TO HOLD COURSE.

    The yacht L. was going down Buttermilk channel between Governor's island and the Brooklyn shore, when the tug G. came around the south shore of Governor's island, bound for the Atlantic basin. The vessels being thus on crossing courses, and the L. bound by rule to keep out of the way, the G., after hearing a signal of one whistle from the L., and observing that the yacht was porting, starboarded her wheel. The vessels collided, the bow of the yacht striking the starboard side of the tug. *Held* that, under the circumstances, it was the duty of the G. to hold her course, and that she was responsible for the collision.

In Admiralty. Cross-actions for damages by collision.
*Alfred H. Porter, Jr.*, and *R. D. Benedict*, for the Lagonda.
*Goodrich, Deady & Goodrich*, for the James A. Garfield.

BENEDICT, J. The vessels were on crossing courses. The yacht having the tug upon her starboard side, by the law it was the right of the yacht to choose her own method of avoiding the tug, and it was the duty of the tug to hold her course. The tug's testimony, if believed, shows that she undertook to designate a course to the yacht by blowing two whistles, and she admits that after she had received a signal of one whistle from the yacht, and saw that the yacht was porting, she starboarded, and kept up her speed. In this way she caused the collision. It is plain that the tug alone is responsible for the damage that ensued. Let a decree be entered accordingly.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.